UNITED STATES DISTRICT COURT
DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Sharlene Cobb**
**aka Sharlene Wilson**
**aka Sharlene Williams,**

                  **Plaintiff,**

vs.

**Convergent Healthcare Recoveries, Inc.**

                  **Defendant(s).**

_____/

Case No.:
Judge:

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, Sharlene Cobb, by and through her attorneys James C. Warr & Associates, PLC, and for her Complaint states as follows:

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Sharlene Cobb is a natural person who resides in Wayne County, Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Convergent Healthcare Recoveries, Inc. is a collection agency operating from an address of 121 NE Jefferson Street, Suite 100, Peoria, IL 61602, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or around November 26, 2002, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with ER One-Professional in the amount of $154.00.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

8. On February 16, 2002, the Plaintiff filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan in Detroit (<u>In re Sharlene Williams</u>, Chapter 7 Case No. 06-41752-swr, (Bankr. E.D. Mich. 2006)).

9. The Plaintiff received a discharge on May 24, 2006 (see attached Exhibit A).

10. On or about November 20, 2014, the Defendant sent a collection letter to Plaintiff. (See attached Exhibit B).

11. The debt that was the subject of the November 20, 2014, collection letter was discharged in the Plaintiff's bankruptcy case.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiffs incorporate Paragraphs 1 through 11 by reference.

13. The Fair Debt Collections Practices Act (FDCPA), specifically 15 U.S.C. 1692e(2)(A), prohibits debt collectors from making false representations of the character, amount or legal status of a debt.

14. The debt that was the subject of the November 20, 2014, letter was discharged in the Plaintiff's bankruptcy.

15. The November 20, 2014, letter thus violates multiple provisions of the Fair Debt Collection Practices Act, specifically 15 U.S.C. 1692e(2)(A), because it was an attempt to collect a discharged debt. See <u>Ross v. RJM Acquisition Funding L.L.C.</u>, 480 F.3d 493 (7th Cir. 2007).

16. The debt the Defendant is attempting to collect cannot be enforced because of the statue of limitations. (See MCL 600.5807(8)).

17. The November 20, 2014, letter thus violates multiple provisions of the Fair Debt Collection Practices Act, specifically 15 U.S.C. 1693e(2)(A), because it misrepresents the legal status of the debt as being one that is still enforceable against the Plaintiff.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

19. The Defendant's actions in this regard also constitute negligence.

## DEMAND FOR JURY TRIAL

20. The Plaintiff demands a trial by jury for this action.

WHEREFORE, the Plaintiffs pray that this Honorable Court enter judgment against the Defendants as follows:

   a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act;

   b. an award for costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3); and

   c. such other relief as might be just and proper.

Respectfully submitted,

 /s/ James C. Warr
JAMES C. WARR (P47001)
James C. Warr & Associates, PLC
Attorney for Debtor(s)
24500 Northwestern Hwy., Suite 205
Southfield, MI 48075
(248) 357-5860
attywarr@sbcglobal.net

Dated: 12/29/2014

UNITED STATES DISTRICT COURT
DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sharlene Cobb  
aka Sharlene Wilson  
aka Sharlene Williams,

Case No.:  
Judge:

Plaintiff,

vs.

Convergent Healthcare Recoveries, Inc.

Defendant(s).

_____/

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Sharlene Cobb, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Sharlene Cobb_ (signature)  
Sharlene Cobb  
Dated: 12-29-14

Subscribed and sworn to me before me  
this ___29th___ day of __December__, 2014

_Erika R. Hunter_ (signature)  
ERIKA R. HUNTER

Notary Public, __MACOMB__ County, Michigan,  
Acting in the County of __OAKLAND__  
My Commission Expires: __8-21-2021__

ERIKA R. HUNTER  
NOTARY PUBLIC, STATE OF MI  
COUNTY OF MACOMB  
MY COMMISSION EXPIRES Aug 21, 2021  
ACTING IN COUNTY OF OAKLAND

-4-

Form B18 (Official Form 18)(10/05)

# United States Bankruptcy Court

Eastern District of Michigan

Case No. <u>06–41752–swr</u>

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  Sharlene Williams
  aka Sharlene Wilson, aka Sharlene Wilson–Williams
  210 Henry Street
  Apt. 103
  Belleville, MI 48111

Social Security No.:
  xxx–xx–9909

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                        BY THE COURT

Dated: <u>5/24/06</u>                    <u>Steven W. Rhodes</u>
                                        United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Exhibit A**

06-41752-swr   Doc 10   Filed 05/24/06   Entered 05/24/06 13:49:17   Page 1 of 2

FORM B18 continued (10/05)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes; * applies to cases filed on or after October 17, 2005.

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans. * applies to cases filed on or after October 17, 2005.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**Exhibit A**

06-41752-swr   Doc 10   Filed 05/24/06   Entered 05/24/06 13:49:17   Page 2 of 2

Mail Return Only
PO Box 9800
Coral Springs, FL 33075-9800

# Convergent

Convergent Healthcare Recoveries, Inc.
121 NE Jefferson Street, Suite 100, Peoria IL 61602

Business Hours 8 AM to 5 PM Central Time, Monday - Friday

Date: 11/20/14
Re: CF Medical, LLC
Agency Account#: ████7853
Total Due: $154.00

12030140 ▲ 0 0 1 1 4 7

Sharlene Wilson
12900 Lake Point Pass
Belleville MI 48111-2243

Dear Sharlene Wilson,

This notice is being sent to you by a collection agency. The records of CF Medical, LLC show that your account has a past due balance of $154.00. Please contact this office to resolve your account. Call this office at 888-801-4395.

CF Medical, LLC purchased this account from the original creditor/provider and has advised us that they are willing to settle your account for 50% off your total balance due. The full settlement must be received in this office by an agreed upon date. If you are interested in taking advantage of this offer, call this office within 45 days of this letter. Even if you are unable to take advantage of this offer, please contact this office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

| Date of Service | Amount Due | Account Number | Original Creditor/Provider |
|---|---|---|---|
| 11/26/02 | $154.00 | ██5814 | ER One - Professional |

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

Please detach the bottom portion of this letter and return it with your payment.

102

Sharlene Wilson
12900 Lake Point Pass
Belleville MI 48111-2243

Date: 11/20/14
Re: CF Medical, LLC
Agency Account#: ████7853
Total Due: $154.00

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | |
|---|---|
| CIRCLE CARD USING FOR PAYMENT  VISA  MC | |
| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP. DATE |

PAY THIS AMOUNT: $154.00


FILE 2006

CONVERGENT HEALTHCARE RECOVERIES, INC.
PO Box 5435
Dept. 0102
Carol Stream IL 60197-5435

████████7853010000000015400 1

**Exhibit B**